UNITED STATES of America, Plaintiff–Appellee,

v.

FORESOME ENTERTAINMENT CO., Defendant–Appellant.

No. 02–3326.

United States Court of Appeals, Sixth Circuit.

Oct. 10, 2003.

Steven J. Paffilas, U.S. Attorney's Office, Cleveland, OH, for Plaintiff–Appellee.

Jeremy A. Rosenbaum, J. Michael Murray, Berkman, Gordon, Murray & DeVan, Cleveland, OH, for Defendant–Appellant.

Before KEITH and COLE, Circuit Judges; and WEBER, District Judge.*

PER CURIAM.

Defendant–Appellant Foresome Entertainment Co. appeals from an order of the district court, granting Plaintiff–Appellee United States of America's motion for summary judgment. For the reasons stated below, we affirm.

* The Honorable Herman J. Weber, Senior United States District Judge for the Southern District of Ohio, sitting by designation.

## I.

On May 31, 1945, the United States of America filed a declaration of taking to secure flowage easement rights over certain tracts of land in Richland County, Ohio, in the vicinity of the Charles Mill Dam. The purpose of the easement was to allow the dam to divert flood waters exceeding the dam's spillway elevation to low-lying tracts of undeveloped land nearby. The easement was acquired through a decree of declaration, which was recorded as follows, in pertinent part:

IT IS THEREFORE, ORDERED, ADJUDGED, AND DECREED that there be vested in the United States of America ... the perpetual right and easement to flood that certain affected area as may be necessary by means of the erection, operation and maintenance of the Charles Mill Dam and Reservoir, ... with spillway at elevation 1020 feet above mean sea level, together with the right of entry thereon and the right to remove therefrom the timber and natural growth and any other obstructions, growth, accumulations, brush, trash, filth and any other things which in any [way] interfere, or may interfere, with the operations and maintenance of the Charles Mill Dam and Reservoir; ... together with the right to require the removal of all existing buildings, if any, located upon said tracts of land, used for dwelling purposes and having a first-floor elevation five (5) feet or more below said spillway elevation, and of all existing buildings, if any, located upon said tracts used for other than dwelling purposes and having a first-floor elevation ten (10) feet or more below said spillway elevation; and the right to pro-

hibit or restrict the placing or construction of improvements, structures, or obstructions of any kind upon said tracts of land; ... and that the right to just compensation for the same is vested in the persons entitled thereto when said compensation shall be ascertained and awarded in this proceeding, and established by judgment thereunder according to law.

(J.A. at 60).

Defendant–Appellant ["Foresome"] owns two tracts of land subject to the aforesaid easement. The first, a 25–acre tract transferred to Foresome in 1997,[1] contains a free-standing sign and a one-story concrete building currently used for an adult entertainment business called "FantasyLand." The second, an abutting 11–acre tract Foresome purchased in 1999, contains a pile of dirt, as well as a one-story building that services a driving range. Foresome's principals were aware at the time of purchase that both properties were subject to the flood easement.

The structures in question already were in place when Foresome acquired the properties. The structures on the FantasyLand property were constructed in 1947 as part of a drive-in theater complex. The free-standing sign rests at an elevation of 1014.00 feet above mean sea level ["m.s.l."], and the building at 1014.35 ft. m.s.l. On the driving range property, the building sits at 1013.28 ft. m.s.l., and the dirt pile at 1013.49 ft. m.s.l. Both were erected well after the U.S. obtained its easement.

On June 25, 1979, the U.S. Army Corps of Engineers informed Anthony Lombardo, then the owner of the subject properties, that the structures located thereon were below the dam's spillway elevation and should be removed. They had not been removed by 1992, when the U.S. voluntarily placed a temporary moratorium on removal of such structures. In 1993, the United States advised Mr. Lombardo that the moratorium had been lifted, and that the subject structures "must be removed." The U.S. sent similar removal demands to Foresome's principals after they acquired the properties, but neither those individuals nor Foresome complied.

On January 2, 2001, the United States filed a complaint in the U.S. District Court for the Northern District of Ohio, seeking an injunction that would require Foresome to remove the subject structures and obstructions from both properties, and would permanently restrain Foresome from placing structures or obstructions there in the future. On October 1, 2001, the United States moved for summary judgment on its complaint, offering documents, affidavits, Foresome's discovery responses, photographs and deposition excerpts as supporting documentation. Foresome filed an opposing brief on November 15, 2001, also offering supporting exhibits. In addition, Foresome moved to strike the government's proffered evidence, terming it "unsubstantiated speculations of the government's counsel," together with affidavits deficient for "lack of personal knowledge, lack of competency, and reliance on inadmissible hearsay." (J.A. at.274–75). The United States responded with a brief opposing the motion to strike and defending its evidence, as well as a reply brief substantiating its previously proffered evidence and reinforcing its request for summary judgment.

On February 27, 2002,[2] U.S. District Judge Kathleen M. O'Malley issued an or-

---

**1.** Defendant's individual shareholders actually began to lease this property in 1992, and purchased it in 1994, but Defendant itself took title in 1997.

**2.** No date appears on the court documents themselves, but the parties apparently concur as to this date.

der denying Foresome's motion to strike and granting summary judgment in favor of the United States, and further ordering Foresome as follows:

> to remove, within 90 days of the date of this order, the following structures/obstructions from its land: Structure # 153—building used by driving range; Structure # 155—building used by bar/striptease parlor; Structure # 225—business sign; Structure/Obstruction # 231—unauthorized fill material.

(J.A. 16–17). The court then entered a judgment of dismissal. Foresome filed a notice of appeal on March 21, 2002. The district court thereafter stayed the injunction pending appeal

## II.

This Court reviews *de novo* a district court's grant of summary judgment. *See Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1048 (6th Cir.2001), *cert. denied*, 537 U.S. 813, 123 S.Ct. 73, 154 L.Ed.2d 15 (2002). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). No genuine issue of material fact exists "unless a reasonable jury could return a verdict for the nonmoving party." *Preferred Props., Inc. v. Indian River Estates, Inc.*, 276 F.3d 790, 801 (6th Cir.), *cert. denied*, 536 U.S. 959, 122 S.Ct. 2663, 153 L.Ed.2d 838 (2002) (quoting *Cockrel*, 270 F.3d at 1048). Additionally, "[i]n reviewing a grant of summary judgment, we view the evidence in the light most favorable to the nonmoving party." *Id.*

Foresome also contends that the district court erred in admitting certain evidence in support of the United States' motion for summary judgment. A district court's evidentiary rulings are subject to an abuse of discretion standard of review. *Combs v. Wilkinson*, 315 F.3d 548, 554 (6th Cir. 2002).

## III.

The district court memorandum and order granting summary judgment properly describes and applies the relevant factual history and legal standards. After conducting a *de novo* review, we conclude that the district court provided a thorough and correct analysis.

The district court properly considered the declarations of William G. Graham, chief of the United States Army Corps of Engineers' Huntington, West Virginia, District real estate division, and of William H. Long, a professional surveyor employed by Engineering Associates, Inc. Graham's reliance on information garnered from his review of public, real estate and business records did not render his testimony inadmissible, as such records are excepted from the bar against hearsay. *See* FED. R.EVID. 803(6), (8), (14). As an expert witness, Long also was permitted to rely on data not within his personal knowledge, *see* FED.R.EVID. 702, 703, particularly given that such information was both undisputed and contained in other admissible evidence.

We also affirm Judge O'Malley's analysis of the merits of the parties' claims. The law of Ohio requires that easements be construed so as to permit their purpose to be effected. *See Crane Hollow, Inc. v. Marathon Ashland Pipe Line, LLC*, 138 Ohio App.3d 57, 740 N.E.2d 328, 334 (2000). In this instance, the right to require removal of subsequently-placed structures is inherent in the easement's specified right to "prohibit or restrict" the placement or construction of structures. *See also United States v. Hughes*, 408 F.2d 619, 621 (6th Cir.1969) (finding that an

easement provision requiring removal of existing structures "by necessary implication prohibits the erection later of identical or similar structures"). Additionally, the evidence establishes that the government's interest predated the erection of any of Foresome's structures, and Foresome has advanced no viable equitable argument for denying the enforcement of that interest.

We therefore affirm the district court order granting summary judgment in favor of the United States and directing Foresome to remove the enumerated structures from its property, and we remand this matter for further proceedings consistent with that order.